## SPRINGFIELD (city) v MOXLEY

Ohio Appeals, 2nd Dist, Clark Co

No 365. Decided May 12, 1937

Abe Gardner, for appellee.

Aaron Halloran, Springfield, for appellant.

602

**OPINION**

By BARNES, PJ.

The above entitled cause is now being determined on defendant's appeal from the judgment of the Municipal Court, of the City of Springfield, Ohio.

On or about the 14th day of December, 1935, an affidavit was duly filed in the Municipal Court, of the City of Springfield, against the defendant, Sherman Moxley, charging that on the 13th day of December, 1935, the defendant, Sherman Moxley, did then and there operate a motor vehicle, to-wit, an automobile, upon a public street of the aforesaid city, to-wit, South Limestone Street, while he, the said Sherman Moxley, was then and there in a state of intoxication contrary to ordinance of said city.

The defendant plead not guilty. Thereafter the case was carried through regular proceedings to a point that a jury was impaneled and a trial had resulting in a verdict of guilty. Thereafter within the statutory period a motion for new trial was filed and after hearing overruled. The court then proceeded to sentence the defendant. This is the final order from which an appeal was taken to this court. Counsel for appellant sets forth in his brief and discusses two claimed errors in the presentation of evidence. Bernard Sweeney, the complaining witness, was on the stand. During his examination, in answer to a question he gave the answer that in his opinion the defendant, Moxley, was driving his automobile while he was in a state of intoxication.

The car driven by the defendant, Moxley, was in a collision with the car driven by witness, Bernard Sweeney, on the night in question. On page 13 of the record it appears that counsel for Moxley while cross-examining the witness, Bernard Sweeney, propounded to him the following question:

"What do you mean by a state of intoxication?"

The witness started to answer, and got this far in his answer—

"A. I would say a state of intoxication—"

At this point the court made the following comment:

"Court. That is a question for the jury. You may describe the things Moxley did and from those facts only the jury will determine whether he was intoxicated."

The following by Mr. Halloran:

"Mr. Halloran: If the court please, the court permitted this gentleman to express the opinion that Moxley was in a state of intoxication. All I am endeavoring to determine is what this witness' idea is of a state of intoxication.

"The Court: Different people have ideas of what constitutes intoxication. He may describe the actions, what this man did, and those are the controlling things which will decide whether the man was intoxicated.

"Mr. Halloran: I understand, but the point I am endeavoring to make is not whether Moxley was intoxicated, but what this witness thinks a state of intoxication is, he having expressed his opinion that the defendant was in a state of intoxication.

"Court: The courts have determined what a state of intoxication is. It is for him to say what this defendant did, what his actions were, surrounding this transaction.

"Mr. Halloran: I understand that. Am I to understand it is the court's ruling I can't ask this witness on cross-examination he having testified that the defendant was in a state of intoxication, what this witness' ideas are?

"The Court: That is correct. He can't define a state of intoxication.

"Mr. Halloran: He can't define his idea of it?

"Court: No.

"Mr. Halloran: Exception, please.

"Court: He may testify to the facts surrounding; whether those facts constitute intoxication is for the jury to determine."

Both before and after this colloquy between the court and counsel, the witness testified to what the defendant, Moxley, did. All this bearing on the question of

intoxication. The correct rule of law is very aptly set forth in **Ohio Jur.** under the subject "**Evidence**," **Vol. 17, §358.**

"Opinion of non-expert witnesses who state so far as practical the facts upon which the opinions are based will be received on the question whether a person was in a state of intoxication. In fact this is said to be one of the most familiar subjects of non-expert opinion."

The question of what is a state of intoxication is a mixed question of law and fact. A witness may not be able to give the correct definition of intoxication, yet it is a matter of such common knowledge that non-experts are permitted to give their opinions. In addition thereto they state the facts on which they base their opinion. The witness, Sweeney, gave the facts, therefore, he was entitled to give his opinion. We find no prejudicial error in this particular.

The basis for the other claimed error appears on pages 76 and 77 of the record. At this point the prosecuting attorney was cross-examining the defendant, and the following questions and answers appear:

"Q. Do you remember when the cab came along and took Mrs. Hamilton and the two children away? A. Yes, sir.

Q. Remember talking to the cab driver? A. I don't remember just exactly talking to the cab driver.

Q. Do you remember saying, 'You are the fellow who brought me a pint and a half of whiskey earlier in the evening'? A. No, I didn't say that.

Mr. Halloran: Are you going to hook that crack up?

Mr. Gardner: Yes.

Mr. Halloran: All right. You are stating professionally you will hook that up.

Mr. Gardner: We will withdraw it.

Mr. Halloran: I don't think an instruction to the jury to disregard can correct that.

Mr. Gardner: We will agree to, if you wait a minute.

Mr. Halloran: I won't. I am now moving the court to withdraw a juror and declare a mistrial.

Court: The jury will be instructed to disregard the question and answer.

Mr. Halloran: Exception."

If the prosecuting attorney had no information tending to support the facts inquired about it would be misconduct and prejudicial to interrogate the defendant if he had not made certain statements to the cab driver. When counsel for the defendant sought to save his question by asking the prosecutor if he was going to hook up the question, the prosecutor replied "Yes."

The defendant had previously answered that he did not make such a statement to the cab driver. The prosecutor withdrew the question. From this state of the record, we are unable to say that the prosecutor was guilty of misconduct. At the moment the cab driver may not have been available as a witness. In any event, we think it was a question addressed to the sound discretion of the trial court. Under all the circumstances, we are unable to say there is an abuse of that discretion. The jury was admonished to not consider the question. We find no prejudicial error in the record. The cause will be remanded for execution of sentence. Costs will be assessed against the appellant.

HORNBECK, J, concurs.
GEIGER, J, not participating.